UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00665-RJC-DCK

| | |
|---|---|
| SANDRA VALENCIA, BRENDA GEIGER, EVA PEPAJ, JESSICA NICHOLE ROCKEWELL, LUCY PINDER, MONICA LEIGH BURKHARDT, PAOLA CANAS, ALYSSA NOBRIGA, AND MARIANA DAVALOS, <br><br> Plaintiffs, <br><br> v. <br><br> MIDNITE RODEO, LLC, D/B/A MIDNITE RODEO, SEAN SCOGGINS, AND PAUL ALEXANDER SCOGGINS, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 12), and the Magistrate Judge's Memorandum and Recommendations ("M&R"). (Doc. No. 16). For the reasons below, the M&R is **ADOPTED in part** and **NOT ADOPTED in part**, and the Motion to Dismiss is **GRANTED in part and DENIED in part**, as explained herein.

I.  BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R, reviewing only those facts most pertinent to the issues at hand.

1

Plaintiffs Sandra Valencia, Brenda Geiger, Eva Pepaj, Jessica Nichole Rockwell, Lucy Pinder, Monica Leigh Burkhardt, Paola Canas, Alyssa Nobriga, and Mariana Davalos brought this action against Defendants Midnite Rodeo, LLC, Sean Scoggins, and Paul Alexander Scoggins, alleging misappropriation, alteration, and unauthorized publication and use of Plaintiffs' images, photos, and likenesses. (Doc. No. 1). Plaintiffs included the following claims: false advertising under the Lanham Act (Count I), false association under the Lanham Act (Count II), common law right of privacy—misappropriation (Count III), violation of the North Carolina Unfair and Deceptive Trade Practices Act (Court IV), North Carolina state law claims for negligence, gross negligence, and respondeat superior (Count V), conversion, (Count VI), unjust enrichment (Count VII), and quantum meruit (Count VIII). (Doc. No. 1 at 15-23).

Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that the corporate veil prevents the Scoggins Defendants from being sued in their individual capacities and that many of Plaintiffs' claims are barred by the applicable statutes of limitations.[1] (Doc. No. 12-1). The Magistrate Judge addressed each of Defendants' arguments in turn and recommended that Defendants' Motion to

---

[1] As both the Magistrate Judge and Plaintiffs note, of the nine Plaintiffs named, only six are mentioned in Defendants' Motion to Dismiss regarding their state law claims. Thus, the Magistrate Judge declined to analyze the statute of limitations as it relates to the unmentioned Plaintiffs. Accordingly, Plaintiffs Burkhardt, Davalos, and Pinder were not subject to Defendants' motion and only Plaintiffs Valencia, Geiger, Pepaj, Rockwell, Canas, and Nobriga object to the M&R.

2

Dismiss be granted as to the negligence, conversion, unjust enrichment, quantum meruit, and misappropriation claims of Plaintiffs Valencia, Geiger, Pepaj, Rockwell, Canas, and Nobriga. Further, the Magistrate Judge recommended that the motion be otherwise denied.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Likewise, merely reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *Durkee v. C.H. Robinson Worldwide, Inc*., 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom*., *Durkee v. Geologic Sols., Inc*., 502 F. App'x 326 (4th Cir. 2013).

"A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015)

(quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked under Rule 12(b)(6) will survive if it contains enough factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An allegation is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary, and the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration omitted). Additionally, when ruling on a motion to dismiss, a court must "view the complaint in a light most favorable to the plaintiff," *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), accept the complaint's factual allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and refrain from weighing the facts or assessing the evidence. *Potomac Conf. Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014). Nonetheless, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and though the Court views the facts in the light most favorable to the plaintiff, a complaint tendering "naked assertions devoid of further factual enhancement" cannot proceed. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Plaintiffs object only to the Magistrate Judge's recommendation that the misappropriation claim is barred by the statute of limitations and should be dismissed. (Doc. No. 17 at 1). Specifically, Plaintiffs argue that the M&R does not analyze the accrual date of Plaintiffs' misappropriation claims, that it ignores Plaintiffs' republication allegations in the Complaint and the ongoing nature of Defendants' alleged wrongful conduct, and that the Discovery Rule should have been applied. (Doc. No. 17).

"Invasion of privacy" may describe a number of different torts of which misappropriation of a plaintiff's name or likeness is one. *Phillips v. J.P. Stevens & Co.*, 827 F. Supp. 349, 352 (M.D.N.C. 1993). North Carolina courts have recognized misappropriation as an invasion of privacy tort. *Id.* (citing *Flake v. Greensboro News Co.*, 212 N.C. 780, 195 S.E. 55, 64 (1938)). The applicable statute of limitations for invasion of privacy torts, such as misappropriation, is three years. *Losing v. Food Lion, L.L.C.*, 185 N.C. App. 278, 284, 648 S.E.2d 261, 265 (2007) (citing N.C. Gen. Stat. § 1-52(d)).

In general, "a defense based on the statute of limitations must be raised by the defendant through an affirmative defense." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (citing Fed. R. Civ. P. 8(c)). "[A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Id.* "But in the relatively rare circumstances

5

where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* To be sure, this is only true when the necessary facts clearly appear on the face of the complaint. *Id.*; *see also Arku v. Wells Fargo Bank, Nat'l Ass'n*, 621 F. Supp. 3d 602, 608 (W.D.N.C. 2022) ("A statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the claim." (quotations omitted)).

### A. Plaintiff's Complaint contains allegations of republication and describes the ongoing nature of Defendants' continuing wrongs.

In North Carolina, the continuing wrong doctrine is recognized as "an exception to the general rule that a claim accrues when the right to maintain a suit arises." *Birtha v. Stonemor, N. Carolina, LLC*, 220 N.C. App. 286, 292, 727 S.E.2d 1, 7 (2012) (quoting *Babb v. Graham,* 190 N.C. App. 463, 481, 660 S.E.2d 626, 637 (2008)). The continuing wrongs doctrine applies when a plaintiff shows a continuing violation by the defendant. *Marzec v. Nye*, 203 N.C. App. 88, 94, 690 S.E.2d 537, 542 (2010). Continual ill effects from the same violation will not suffice to implicate the continuing wrongs doctrine. *Id.* Rather, continuing violations fall into two categories. The first category arises when there has been a longstanding policy of discrimination and the second arises when there is a continually recurring violation. *Birtha*, 220 N.C. App. at 292, 727 S.E.2d at 7.

As to their misappropriation claim, Plaintiffs direct the Court to allegations in their Complaint in which they plead that

6

> Plaintiffs are further informed and believe and heron allege that discovery will prove that Defendants' republicized Plaintiffs' image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

(Doc. No. 1 at ¶ 101). Here, Plaintiffs allege more than "continuing ill effects" from the same violation. Plaintiffs explain that their image and likeness were republished on different mediums which amounts to more than an assertion that the posts remain online. This allegation from Plaintiffs' Complaint is sufficient to show a continuing violation by Defendants. Therefore, Defendants' Motion to Dismiss Plaintiffs' misappropriation claim is denied, and the Court declines to adopt the M&R with regards to the recommended dismissal of Plaintiffs' misappropriation claim.

Because the Court finds that the misappropriation claim should not be dismissed under the continuing wrongs doctrine, the Court declines to address Plaintiffs' arguments regarding application of the discovery rule and the M&R's treatment of the misappropriation claim's accrual date.

Regarding the aspects of the M&R to which no party objected, the Court has nevertheless conducted a full, thorough, and independent review of the M&R and record and concludes that those findings and conclusions of the M&R are correct and in accordance with law.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Court **ADOPTS** the M&R in part and **DECLINES TO ADOPT** the M&R in part, (Doc. No. 16), as explained herein;

7

2. Defendants' Motion to Dismiss, (Doc. No. 12), is **GRANTED in part and DENIED in part**; and

3. Plaintiffs' claims for negligence, conversion, unjust enrichment, and quantum merit are **DISMISSED WITH PREJUDICE**. The Motion to Dismiss is otherwise denied, as explained above.

Signed: September 24, 2024

Robert J. Conrad, Jr.
United States District Judge